1  ROB HENNIG (STATE BAR NO. 174646)
   BRANDON RUIZ (STATE BAR NO. 264603)
2  ADRIAN HERNANDEZ (STATE BAR NO. 325532)
   HENNIG KRAMER RUIZ & SINGH, LLP.
3  3600 WILSHIRE BLVD, SUITE 1908
4  LOS ANGELES, CA 90010
   TELEPHONE: (213) 310-8301
5  FACSIMILE: (213) 310-8302

6  Attorneys for Plaintiff
   ALYSSA FETTERS, individually and
7  on behalf of all others similarly situated

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALYSSA FETTERS, an individual, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>SULPHUR SPRINGS UNION SCHOOL DISTRICT, a public entity; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT**<br><br>[29 USC § 207, et seq.]<br><br>**COLLECTIVE ACTION PURSUANT TO 29 USC § 216(b)**<br><br>**DEMAND FOR A JURY TRIAL** |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR A JURY TRIAL
1

**INTRODUCTION**

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. 201, *et seq.* (hereinafter, "the FLSA"), on behalf of herself and all others similarly situated, to recover from Defendant SULPHUR SPRINGS UNION SCHOOL DISTRICT (hereinafter, "SSUSD") and DOES 1 to 10, inclusive, (collectively "Defendants"), unpaid overtime compensation, interest thereon, liquidated damages, costs of suit and reasonable attorneys' fees.

**JURISDICTION AND VENUE**

2. This action arises under the FLSA, 29 U.S.C. § 201 *et seq.* The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331 *et seq*.

3. Venue is proper in the United States District Court, Central District of California, pursuant to 28 U.S.C. § 1391, because Defendant SSUSD resides in this District and because the events giving rise to the claims occurred in this District.

**PARTIES**

4. Plaintiff ALYSSA FETTERS (hereinafter "Plaintiff" or "Fetters"), is and was, at all times mentioned herein, a resident of the County of Los Angeles, in the State of California. Plaintiff was employed by Defendant SSUSD, as a misclassified employee. Defendants misclassified Plaintiff as an exempt employee – however, Plaintiff should have properly been classified as an hourly non-exempt employee.

5. Defendant, SSUSD, is a political subdivision of the State of California and at all times hereinafter-mentioned, employed Plaintiff.

6. Plaintiff brings this action on behalf of herself and all other persons similarly situated who currently work or have worked for SSUSD in the last three (3) years and were misclassified and not paid all overtime compensation due (hereinafter, "FLSA Collective.") Those individuals similarly situated constitute a well-defined community of interest in the

1  questions of law and fact. The claims of the represented party are typical of the claims of those
2  similarly situated. The represented party will fairly and adequately reflect and represent the
3  interest of those similarly situated.
4       7.      Plaintiff does not know the true names or capacities, whether individual, partner
5  or corporate, of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason,
6  said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this
7  complaint when the true names and capacities are known. Plaintiff is informed and believes and
8  based thereon alleges that each of said fictitious Defendants was responsible in some way for the
9  matters alleged herein and proximately caused Plaintiff and all others similarly situated to be
10 subject to the illegal employment practices, wrongs, and injuries complained of herein.

## FACTUAL ALLEGATIONS

8.  Plaintiff worked for SSUSD as a registered occupational therapist ("OTR") from approximately May 2019 to approximately August 2021. Defendants misclassified Plaintiff and, on information and belief, all others similarly situated, as exempt employees, paid them salaries, and expected them to regularly work in excess of forty hours a week, in violation of the California Education Code ("Ed. Code") and the FLSA.

9.  During the initial hire process, Plaintiff was told her employment was for a set number of days and would not include working days past the school year, known as Extended School Year ("ESY"). Defendants did not provide Plaintiff with a calendar showing her assigned work days until well after she began working for SSUSD, as required by Ed. Code § 45169. At this point, Plaintiff discovered that she was scheduled to work more days than previously represented, and that these days included ESY.

10. Plaintiff's duties, and on information and belief, the job duties of all other similarly situated employees, were varied and involved participating in Individual Education Program ("IEP") meetings, conducting individual student assessments, and providing embedded services and general support to educational staff. The completion of Plaintiff's and, on

information and belief, all other similarly situated employees' primary job duties did not involve the exercise of specialized knowledge or independent judgment and discretion.

11. On information and belief, to qualify for the OTR position, SSUSD required (1) a Bachelor's degree, (2) certification with the National Board for Certification in Occupational Therapy ("NBCOT") and (3) licensure in the state of California.

12. To become licensed, OTR candidates must graduate from an OTR program accredited by the Accreditation Council for Occupational Therapy Education ("ACOTE"). ACOTE accreditation requires that programs ensure that their graduates, "Be educated as a generalist with a broad exposure to the delivery models and systems used in settings where occupational therapy is currently practiced and where it is emerging as a service." Moreover, ACOTE standards require that the curriculum "include preparation for practice as a generalist with a broad exposure to practice settings (e.g., school, hospital, community, long-term care) and practice areas, including new and emerging areas (as defined by the program). The curriculum must prepare students to work with a variety of populations including, but not limited to, infants, children, adolescents, adults, and older adults in areas of physical and mental health."

13. On information and belief, Plaintiff and all other similarly situated employees graduated from their respective OTR programs as "generalists." Plaintiff's OTR program coursework and, on information and belief, all other similarly situated employees' coursework, entailed a general overview of how to apply occupational therapy concepts to different age groups, populations, and needs (physical, mental health, etc.). Plaintiff does not use more than 5% of her graduate degree coursework in her day-to-day job. Rather, Plaintiff and, on information and belief, all other similarly situated employees had to learn 95% of their job through on-the-job training and mentorship from senior OTRs, continuing education, and trial and error in the field.

14. Plaintiff's primary duty involved providing therapeutic embedded services and assessment for students. These embedded services generally involve individual or small group therapeutic play with students to build motor and sensory skills. Plaintiff's and, on information and belief, all other similarly situated employees' provision of therapeutic embedded services

required knowledge acquired from on-the-job training and mentorship, continuing education, and trial and error in the field, rather than from "a prolonged course of specialized intellectual instruction."

15. Throughout the course of her employment with SSUSD, Plaintiff and, on information and belief, all others similarly situated did not participate in any personnel decisions including, but not limited to, hiring, discipline, or training.  Plaintiff and, on information and belief, all others similarly situated did not supervise two or more full-time employees.  Nor did Plaintiff and, on information and belief, all others similarly situated assist in any work related to the general business operations of SSUSD including, but not limited to, accounting, marketing, information technology maintenance, or internal compliance.

16. On information and belief, as early as two months into her employment at SSUSD, Plaintiff expressed concerns regarding her excessive workload.  Plaintiff was able to demonstrate the workload she was assigned was equivalent to 1.5-2 full time positions, and that as a result, Plaintiff was forced to work continuous overtime.  On information and belief, although Plaintiff continuously raised these concerns to her supervisors at SSUSD, including Assistant Superintendent Joshua Randall ("Randall"), Defendants did not address the workload concerns of Plaintiff and, on information and belief, all others similarly situated.

17. Specifically, it was routine for Plaintiff and, on information and belief, all others similarly situated, to work fifteen to twenty hours of overtime a week, including on weekends and over holiday breaks, in violation of Ed. Code §§ 45127, 45131.  Plaintiff was also required to work while on medical leave.  Plaintiff and, on information and belief, all others similarly situated, averaged approximately fifty-five to sixty-five hours per week for "normal" work weeks.  Plaintiff and, on information and belief, all others similarly situated, never received any overtime pay in violation of the Ed. Code §§ 45127, 45128 and the FLSA.

18. On information and belief, on or about May 20, 2021, Plaintiff emailed Merry Martinez-Gonzalez, a Human Resource Specialist at SSUSD, with questions regarding her compensation and scheduled workdays.

19. The next day, on or about May 21, 2021, Plaintiff had a conversation with Joshua Randall and Director of Fiscal Services, Cristina Fiock ("Fiock"). During this conversation, Plaintiff was informed that as an OTR, she was an "exempt management position," that she was not eligible for any benefits per Education Code because she was not represented by a union, and that only 12-month classified employees (work 146 days) received vacation or holiday pay, which an OTR was not. Despite repeated requests from Plaintiff, no documentation was made available to support this information.

20. On information and belief, a few days later on or about June 1, 2021, Randall and Fiock told Plaintiff that she had, in fact, been paid for holidays, vacations, and a total of 260 days and was now considered to be a 12-month employee. These statements directly contradicted the previous comments made during the May 21, 2021 phone conversation. On information and belief, Randall said that based on his interpretation of these findings, the district miscalculated Plaintiff's "extra duty" contracts and that Plaintiff actually *owed* the district money.

21. On information and belief, Randall's assertion that Plaintiff owed the district money was a thinly veiled attempt to intimidate Plaintiff and dissuade additional inquiries or complaints regarding Plaintiff's workload or overtime, compensation, and/or scheduled workdays.

22. On information and belief, Defendants willfully violated the FLSA for all the reasons set out under paragraphs 13-21.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

24. This action is brought by Plaintiff as a collective action, on her own behalf and on behalf of all others similarly situated, under the provisions of 29 U.S.C. § 216, for damages, liquidated damages, three-year statute of limitations and relief incident and subordinate thereto including costs and attorneys' fees.

25. The proposed FLSA Collective Class (hereinafter, "FLSA Collective") so represented by Plaintiff in this action, and of which Plaintiff is herself a member, consists of the following:

> All current and former registered occupational therapists ("OTRs") who worked for Defendant SSUSD from (3) years prior to the filing of this Complaint to the present, whom Defendants failed to fully compensate in the statutorily required amounts for all hours of overtime worked, as a result of Defendants' unlawful and willful misclassification of OTRs as exempt employees. (hereinafter, "Collective Action Members")

26. Plaintiff and the proposed FLSA Collective are victims of Defendants' widespread, repeated, and illegal policies that resulted in violations of their rights under the FLSA.

27. During the applicable statutory period, Plaintiff and the other similarly situated OTRs routinely worked in excess of 40 hours in a workweek without receiving proper overtime compensation.

28. Defendants willfully engaged in a pattern of violating the FLSA, as described in this Complaint, in ways including, but not limited to, denying employees compensation for hours worked, including overtime hours.

29. Plaintiff is similarly situated to the Collective Action Members because they were paid in the same manner and performed the same primary job duties.

30. During their employment, Collective Action Members were Defendants' "employees" as defined by the FLSA, 29 U.S.C. § 203(e).

31. During their employment, Defendants were Collective Action Members' "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

32. Of Defendants' employees who performed the same primary job duties as Plaintiff in the last three years, Defendants classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

33. Of Defendants' employees classified as exempt and who performed the same primary duties as Plaintiff in the last three years, some or all worked over 40 hours in one or more individual workweeks.

34. The following are some of the questions of law and fact that are common to the Collective Action Members:

    a. Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether Defendants improperly classified Plaintiff and the Collective Action Members as exempt from the overtime provisions of the FLSA;

    c. Whether Plaintiff and the Collective Action Members worked more than 40 hours in one or more individual workweeks during the prior three years;

    d. Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime at one-and-one-half times their regular rates of pay when they worked more than 40 hours per week;

    e. Whether Defendants' decision to classify Plaintiff and the Collective Action Members as exempt employees was made in good faith; and

    f. Whether Defendants willfully violated the FLSA by classifying Plaintiff and the Collective Action Members as exempt employees.

35. Defendants maintained one or more common job descriptions for registered occupational therapists.

36. Defendants have names and addresses for Collective Action Members in their payroll or personnel records.

37. Defendants have email addresses for Collective Action Members in their payroll or personnel records.

38. Defendants have phone numbers for Collective Action Members in their payroll or personnel records.

39. Defendants are aware or should have been aware that the FLSA required them to pay Collective Action Members overtime.

# FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## FAILURE TO PAY OVERTIME WAGES

### (COLLECTIVE ACTION)

40. As a separate and distinct cause of action, Plaintiff, on behalf of herself and the FLSA Collective, complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff, and the FLSA Collective, bring this cause of action against Defendants SSUSD and DOES 1 through 10.

41. The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

42. Plaintiff and Collective Action Members were not exempt from the overtime provisions of the FLSA.

43. During the prior three years, Defendants suffered and permitted Plaintiff and Collective Action Members to work over 40 hours in one or more individual workweeks.

44. Defendants paid Plaintiff and Collective Action Members a salary.

45. Defendants did not pay Plaintiff and Collective Action Members one-and-one-half times their regular rates of pay for all time they worked over 40 hours in one or more individual workweeks.

46. Defendants violated the FLSA by failing to pay overtime to Plaintiff and Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

47. Defendants' violations of the FLSA were willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment on behalf of herself and the FLSA Collective against Defendants as to her First Cause of Action, as follows:

a. An Order designating this lawsuit as a Collective Action under the FLSA and permitting the issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

b. All unpaid overtime wages due to Plaintiff and the Collective Action Members;

c. For an injunction to prohibit Defendants from engaging in the illegal employment practices complained of herein;

d. For an award of interest, including prejudgment interest, at the legal rate;

e. Liquidated damages equal to the unpaid overtime compensation due;

f. For punitive damages as allowed by law;

g. For an award of costs and reasonable attorneys' fees pursuant to statute; and

h. For such other and further relief as the court deems appropriate, just, and proper.

Dated: May 6, 2022        HENNIG KRAMER RUIZ & SINGH, LLP

　　　　　　　　　　　　　　/s/ Adrian Hernandez
　　　　　　　　　　　　　　Rob Hennig
　　　　　　　　　　　　　　Brandon Ruiz
　　　　　　　　　　　　　　Adrian Hernandez
　　　　　　　　　　　　　　Attorneys for Plaintiff ALYSSA FETTERS

**REQUEST FOR JURY TRIAL**

Plaintiff requests trial by jury in this matter.

Dated: May 6, 2022          HENNIG KRAMER RUIZ & SINGH, LLP


　　　　　　　　　　　　　　　 /s/ Adrian Hernandez
　　　　　　　　　　　　　　　Rob Hennig
　　　　　　　　　　　　　　　Brandon Ruiz
　　　　　　　　　　　　　　　Adrian Hernandez
　　　　　　　　　　　　　　　Attorneys for Plaintiff ALYSSA FETTERS